UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRYAN WILSON #34629-007
FCI-GILMER
P.O. BOX 6000
GLENVILLE, W.V. 26351
     Plaintiff,

V.

Case: 1:18-cv-00306
Assigned To : Unassigned
Assign. Date : 2/7/2018
Description: Pro Se Gen. Civ. **(F-DECK)**

MATTHEW P. COHEN, AUSA,
555 4th Street N.W.,
WASHINGTON, D.C. 20001
Individually and in his official
capacity.
     Defendant.

## Jurisdiction

This action arises under 18 U.S.C. Section 2707 and 2712.

1

## Complaint

1) On or about February 4, 2004, during the investigation of the crime for which plaintiff is now incarcerated, defendant obtained plaintiff's cell site location information (CSLI) from Nextel Communications Inc. without a warrant or court order signed by judge or magistrate.

2) 18 U.S.C. Section 2703 prohibits law enforcement or government entities from accessing a cell phone user's CSLI except where law enforcement or a government entity has first obtained a warrant supported by probable cause, or, a court order signed by judge or magistrate after law enforcement or

government entity has offered specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or record or other information sought, are relevant and material to an ongoing criminal investigation.

3) Defendant fraudulently concealed its wrong-doing by instructing Nextel's employee not to inform plaintiff of defendant's acquisition of plaintiff's CSLI, and by failing in its duty, as the prosecuting attorney against plaintiff, to disclose the fact that the CSLI was illegally obtained by defendant.

4) Despite the fact that plaintiff made several

(4)

attempts and diligently sought any documents that were used by law enforcement or government entity to obtain plaintiff's CSLI, plaintiff was not able to obtain the evidence until October 18, 2016, through court pleadings in the Superior Court for the District of Columbia.

5) The October 18, 2016, pleading was filed by the United States Attorneys Office for the District of Columbia (USAODC).

6) The pleading disclosed, for the first time, that defendant had obtained plaintiff's CSLI with a grand jury subpoena.

7) There was no warrant or court order

(5)

signed by judge or magistrate as required by 18 U.S.C. Section 2703.

3) On January 16, 2017, plaintiff served USAODC and the Department of Justice (DOJ) via certified mail, which was received and signed for on February 4, 2017.

9) As of the filing of this complaint, January 16, 2018, there has been no response.

10) Plaintiff now files this claim alleging that defendant violated 18 U.S.C. Section 2703 by accessing plaintiff's CSLI without first obtaining a warrant or court order, and then fraudulently concealed its wrongdoing thereby

plaintiff from learning of the facts relevant to this claim.

11) Defendant use plaintiff's CSLI to justify plaintiff's arrest, and as the sole evidence to suggest plaintiff was at the crime scene at the relevant time.

12) Although plaintiff requested discovery of any evidence that would call into question the admissibility of evidence defendant intended to use against plaintiff at trial, defendant suppressed the fact that plaintiff's CSLI was illegally obtained.

13) A collateral attack concerning a violation under Brady v. Maryland is currently pending.

(7)

14) As a result of defendant's willful violation, plaintiff has suffered loss of liberty, emotional distress and destruction of reputation.

15) In light of the violation and fraudulent concealment resulting actual damages sustained by plaintiff, plaintiff request damages in the amount of $1,500,000 and $3,000,000 in punitive damages.

Respectfully submitted,
Bryan K Wilson
Bryan K. Wilson 39629-007
FCI Gilmer
P.O. Box 6000
Glenville, WV. 26351