FILED

APR 24 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Bryan Wilson, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 18-306 (UNA)
 )
Matthew P. Cohen, )
 )
    Defendant. )

## MEMORANDUM OPINION

Plaintiff, a prisoner proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff was convicted in the Superior Court of the District of Columbia of "first-degree premeditated murder while armed and of several weapons charges in connection with the death of his wife Inga Wilson." *Wilson v. Nextel Commc'ns*, ___ F. Supp. 3d ___, 2017 WL 5135551, at *1 n.1 (D.D.C. Nov. 3, 2017) (quoting *Wilson v. United States*, 995 A.2d 174, 177 (D.C. 2010), affirmance on direct appeal). The instant complaint presents yet another challenge to plaintiff's conviction. *See id.* n.3 ("Plaintiff has challenged his criminal conviction and sentence vigorously") (record citation omitted)); *Wilson v. O'Brien*, 869 F. Supp. 2d 169 (D.D.C. 2012) *appeal dismissed per curiam*, No. 12-5225, 2013 WL 216328, at *1 (D.C. Cir. Jan. 4, 2013); *see also Wilson v. United States*, No. 07-CF-1097 (D.C. Ct. of App. filed Sept. 10, 2010) (per curiam) (order denying *pro se* motion to recall the mandate). Plaintiff now sues an assistant United States attorney under 18 U.S.C. § 2707 and 2712. He alleges that defendant "obtained

1

plaintiff's cell site location information (CSLI) from Nextel Communications Inc. without a warrant or court order signed by judge or magistrate," in violation of 18 U.S.C. § 2703. Compl. at 2. Plaintiff alleges further that defendant used the information "to justify plaintiff's arrest, and as the sole evidence to suggest plaintiff was at the crime scene at the relevant time." *Id.* at 6. "As a result of defendant's willful violation," plaintiff contends, he "has suffered loss of liberty, emotional distress and destruction of reputation. *Id.* at 7. Plaintiff seeks "damages in the amount of $1,500,000 and $3,000,000 in punitive damages." *Id.*

If plaintiff were to succeed on the claim as pleaded, his conviction could not stand. As a result, this action is "not cognizable unless and until [plaintiff] meets the requirements of *Heck*" by having the conviction invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris v. Fulwood*, 611 Fed. App'x. 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). As indicated above, plaintiff has had no such success to date. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: April 24, 2018